William F. Adams, State Bar No. 65005
WILLIAM F. ADAMS LAW OFFICES
4305 Hacienda Drive, Suite 370
Pleasanton, California 94588
Phone: (925) 734-0800
e-mail: wfadams@hotmail.com

Attorneys for Plaintiff
MARIA LAFEVER

KEVIN E. HYDE, Florida State Bar No. 0768325
e-mail: khyde@foley.com
LEONARD V. FEIGEL, Florida State Bar No. 0027752
e-mail: lfeigel@foley.com
FOLEY & LARDNER LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202

Attorneys for defendants ACOSTA, INC.,
d/b/a ACOSTA TRUEDEMAND, LLC; and
d/b/a ACOSTA MILITARY SALES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAFEVER<br><br>Plaintiff,<br><br>v.<br><br>ACOSTA, INC., a Delaware Closed Corporation, also d/b/a ACOSTA TRUEDEMAND, LLC; and also d/b/a ACOSTA MILITARY SALES, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.   3:10-cv-01782-BZ<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:   March 25, 2010<br>Trial Date:         June 11, 2011<br><br>Hon. Bernard Zimmerman |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order;

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential

information is information which has not been made public and which concern or relate to an individual's privacy or confidentiality interests, or the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other entity, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the entity from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, the party making the designation is certifying to the Court that there in a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of all multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts of consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agrees.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as " CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein shall be disclosed only to the Court and counsel for the parties, including the paralegal, clerical. and secretarial staff employed by such counsel, and to the Qualified Persons listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions of this order with respect to confidentiality shall also apply.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material properly obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8. If Confidential Material, including any portion of deposition transcripts designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in

Court, such papers shall be labeled "Confidential-Subject to Court Order' and filed under seal until further order of this Court."

9. In the event that any Confidential Material is used In any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

10. If any privileged documents, electronic or otherwise, are unintentionally produced during discovery, the parties agree to a "claw back" provision. Specifically, upon written request identifying the privileged documents unintentionally produced, the parties agree to return said documents to the other party by delivering them to the party's counsel. Further, Counsel in possession of the mistakenly produced privileged documents agree not to inspect the documents before their return unless they have otherwise already done so. Counsel agree that if they happen upon a document from opposing counsel or otherwise that they believe to be protected by privilege and mistakenly produced, they will immediately stop inspecting the document and contact the party's counsel to inquire whether document was mistakenly produced and, if so, will return the document to the party by delivering it to the party's counsel.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED.

WILLIAM F. ADAMS LAW OFFICES

Dated: January 20, 2011   By: _____William Adams_____
William F. Adams
Attorneys for Plaintiff MARIA LAFEVER

FOLEY & LARDNER

Dated: January 11, 2011   By: _____Leonard Feigel_____
Leonard Feigel,
Attorneys for Defendants ACOSTA, INC.; also
d/b/a ACOSTA TRUEDEMAND, LLC; and also
ACOSTA MILITARY SALES, LLC.

Attachment A

NON-DISCLOSURE AGREEMENT

I,_____ do solemnly swear that I am fully familiar with the terms of the Stipulated protective Order entered in *Maria LaFever v. Acosta, Inc. et al,* U.S. District Court Case No. 3:10-cv-01782-BZ, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____        _____

(Signature)

_____

(Handwrite name)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAFEVER<br><br>  Plaintiff,<br><br>  v.<br><br>ACOSTA, INC., a Delaware Closed Corporation, also d/b/a ACOSTA TRUEDEMAND, LLC; and also d/b/a ACOSTA MILITARY SALES, LLC; and DOES 1 through 20, inclusive,<br><br>  Defendants. | CASE NO.  3:10-cv-01782-BZ<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Complaint filed:  March 25, 2010<br>Trial Date:  June 11, 2011<br><br>Hon. Bernard Zimmerman |

The parties having stipulated to a Protective Order and good cause appearing, IT IS SO ORDERED. **The parties shall file sealed documents only in accordance with Local Rule 79-5 and General Order 62.**

Dated: January 20, 2011

*/s/ Bernard Zimmerman*
Honorable Bernard Zimmerman
United States Magistrate Judge